## Masters v. Karivalis

*Robert L. Katzenstein*, for plaintiff.
*Ronald N. Rutenberg*, for defendant.

JAMISON, *J.*, April 28, 1975—Defendants raise preliminary objections to plaintiff's complaint in assumpsit in the nature of a demurrer and a motion for more specific complaint. Plaintiff has filed no answer to the preliminary objections.

By agreement dated June 5, 1973, defendants sublet to plaintiff certain premises. Plaintiff avers that defendants failed to forward two of his rental payments to the original lessor, thereby breaching the June 5th agreement and causing the original

lessor to prohibit him from entering the premises. Defendants allege that plaintiff's complaint shows that he was in default in rental payments at the time he was kept from the premises. They therefore ask that his complaint be dismissed. Defendants' remedy for nonpayment of rent, however, is an action in assumpsit, not self-help: Act of April 6, 1951, P.L. 69, 68 PS §250.301 (1965).

Plaintiff also avers that, in executing the agreement, defendants were acting both as individuals and as agents for the corporation. Defendants, however, assert in their objection that the lease shows that the individual defendants executed the agreement only as officers of the defendant corporation. The issue of whether defendants were acting only in a representative capacity is not properly raised by preliminary objection; rather, it should be raised at trial when further facts are shown: Cohen v. Weiner, 73 D. & C. 477 (1950).

Defendants seek a more specific complaint in regard to the damages claimed. Plaintiff's claim lacks specificity in that it claims merely a lump sum for expenses incurred in renovating and furnishing the premises and states no sums at all for loss of profits, loss of good will, and other incidental business losses. Fahrney v. Food Fair Stores, Inc., 81 Dauph. 1, 6 (1963), states the practice well:

"It cannot be doubted that an essential purpose of pleading is to provide the opposite party with knowledge of the facts surrounding the cause of action. Although Rule 1019(f) requires only items of special damage [to] be specifically stated, the great majority of courts require general damages to be particularized insofar as reasonably practicable when such is requested in the form of a preliminary objection."

See Powell's Furniture Store v. Statesman Co., 60 Luz. L.R. 117, 120 (1970); Bentz v. Knecht (No. 1), 26 Leh. 267, 272-73 (1955). Since plaintiff has full knowledge of the amounts he expended in improving the premises, it is reasonable to require him to itemize these amounts. Further, as proprietor he was intimately familiar with the business, and it is reasonable to require him to state specifically the amounts he claims for lost profits, lost good will, and other incidental business losses.

The court notes also that plaintiff failed to comply with Pa.R.C.P. 1021(a) requiring that a plaintiff claiming money damages state at the conclusion of his pleading the precise amount claimed.

Accordingly, the court enters the following

### ORDER

And now, April 28, 1975, the preliminary objection in the nature of a demurrer is overruled. The preliminary objection in the nature of a motion for more specific complaint is sustained. Plaintiff is granted 20 days in which to make more specific the allegations contained in paragraph 11 of the complaint.